**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSSISSIPPI**
**NORTHERN DIVISION**

**SORIE S. TARAWALLY** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.:** 3:19-cv-320-DPJ-FKB
**Jury Trial Demanded**

**HINDS COUNTY, MS, PEGGY HOBSON CALHOUN, ROBERT GRAHAM, DARREL McQUIRTER, MIKE MORGAN, and BOBBY McGOWAN, In their official capacities as members of the Hinds County Board of Supervisors, JUDGE MELVIN V. PRIESTER, SR., Individually and in his official capacity as Hinds County Court Judge and JUDGE JOHNNIE McDANIELS, Individually and in his official capacity as Hinds County Court Judge, and JOHN and/or JANE DOES 1-10** **DEFENDANTS**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 06 2019
ARTHUR JOHNSTON
BY DEPUTY

## COMPLAINT

1. This is an enforcement action under 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S. C. § 1988, the First Amendment and Fourteenth Amendment of the United States Constitution, and the common and statutory laws of the State of Mississippi.

2. As alleged with greater particularity in the below paragraphs, Defendants, acting jointly and severally, subjected Plaintiff, Sorie S. Tarawally, to national origin discrimination, violation of his rights to due process and equal protection, retaliation for protected activity, breach of contract, and wrongful termination.

3. Plaintiff brings this action under the statutory laws and constitutions of the United States and the State of Mississippi, seeking compensation for Defendants' illegal conduct in the administration of his employment contract and in the terms and conditions of his employment relationship with Defendants.

## I. JURISDICTION AND VENUE

4. The claims in this action are matters of federal question jurisdiction under 28 U.S.C. Section 1331 and civil rights jurisdiction under 28 U.S.C. Section 1343. This Court has pendent jurisdiction of Plaintiff's state law claims which derive from the same essential set of facts as Plaintiff's federal claims.

5. The wrongful acts complained of in this complaint occurred in Hinds County, Mississippi. Venue is properly fixed in this Court as this is where the unlawful employment practices and other unlawful conduct occurred, where the records relevant to the unlawful conduct are maintained and administered, and where the Plaintiff was employed at the time of the unlawful conduct.

## II. PARTIES

6. The Plaintiff, Sorie S. Tarawally, is an adult resident citizen of the State of Mississippi. Plaintiff is originally from the Republic of Sierra Leone, located on the southwest coast of West Africa.

7. The defendant, Hinds County, Mississippi is a duly organized political subdivision of the State of Mississippi.

8. Defendant Peggy Hobson Calhoun is an elected Supervisor of Hinds County, Mississippi. Plaintiff brings this action against Calhoun in her official capacity as a member of the Hinds County Board of Supervisors.

9. Defendant Darrel McQuirter is an elected Supervisor of Hinds County, Mississippi. Plaintiff brings this action against McQuirter in his official capacity as a member of the Hinds County Board of Supervisors.

10. Defendant Mike Morgan is an elected Supervisor of Hinds County, Mississippi.

Plaintiff brings this action against Morgan in his official capacity as a member of the Hinds County Board of Supervisors.

11. Defendant Bobby McCowan is an elected Supervisor of Hinds County, Mississippi. Plaintiff brings this action against McCowan in his official capacity as a member of the Hinds County Board of Supervisors.

12. Defendant Judge Melvin V. Priester, Sr. is an elected County Court Judge of Hinds County, Mississippi. Judge Priester participates in and has administrative responsibilities with respect to the management, personnel decisions, and day to day operations of the Hinds County Henley-Young Center. Plaintiff brings this action against Judge Priester in his individual and official capacities.

13. Defendant Judge Johnnie McDaniels is an elected County Court Judge of Hinds County, Mississippi. Judge McDaniels participates in and has administrative responsibilities with respect to the management, personnel decisions, and day to day operations of the Hinds County Henley Young Center. Plaintiff brings this action against Judge McDaniel in his individual and official capacities.

## III. FACTS

14. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 13 above as though fully restated herein.

15. At all relevant times, Plaintiff performed services for the Youth Court of Hinds County, Mississippi, serving in the capacity of Hinds County Youth Court Staff Attorney and Youth Court Judge Designee.

16. In January 2019, Defendants wrongfully terminated Plaintiff from his position without authority and without legal of factual cause.

17. At various times during his employment, Plaintiff, as a citizen, participated in and was verbally outspoken with respect to matters of public concern.

18. At all times, Plaintiff acted as a citizen and the matters he participated in addressed matters of public concern and his actions were protected by the First Amendment to the United States Constitution.

19. At all times, Plaintiff has been and remains ready and willing to carry out his duties as Hinds County Youth Court Staff Attorney and Judge Designee.

20. All Defendants were acting under color of law as to all actions complained of herein.

## IV. CAUSES OF ACTION

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 20 above as though fully restated herein.

23. Defendants wrongfully and illegally terminated Plaintiff's employment without cause, without appropriate due process, in violation of his equal protection rights, and in retaliation for Plaintiff's past participation as a citizen in matters of public concern.

24. In wrongfully terminating Plaintiff's employment, Defendants engaged in breach of contract and also breached the covenant of good faith and fair dealing contained in all contracts.

25. Additionally, Defendants' termination of Plaintiff was motivated, at least in part, by Plaintiff's national origin. Defendants' actions in unlawfully terminating Plaintiff's employment on the basis of his national origin amounted to illegal and intentional national origin

discrimination in violation of 42 U.S.C. § 1981, as amended, and the Civil Rights Act of 1991. Defendants' actions also violated the First and Fourteenth Amendments to the U.S. Constitution.

26. Defendants' actions towards Plaintiff were part of a policy and pattern and practice of violating the First and Fourteenth Amendment rights of persons, especially persons similarly situated as Plaintiff.

27. Defendants' unlawful termination of Plaintiff's employment caused Plaintiff to incur lost wages, lost economic and career opportunities, and further caused Plaintiff to suffer severe mental and emotional stress for which he is entitled to compensation.

28. Plaintiff hereby demands trial by jury on all issues so triable.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff requests that the Court, after hearing evidence, award her the following to-wit:

1. That this Court enjoin Defendants from further national origin, discrimination, retaliation, violations of the First and Fourteenth Amendments, breach of contract and wrongful termination.
2. That this Court award Plaintiff reinstatement, front-pay, back-pay, and all other benefits to which she would have been entitled had she not been subjected to Defendants' unlawful national origin discrimination, unlawful retaliation, and unlawful termination.
3. That this Court award Plaintiff compensatory damages for the humiliation, damage to his reputation, mental and emotional stress, and pain and suffering Plaintiff suffered as a result of Defendants' discriminatory action, retaliation and wrongful termination. Such damages shall be in an amount to be determined at trial.
4. That, to the maximum extent allowed by law, this Court award Plaintiff punitive damages. Such damages shall be in an amount to be determined at trial.
5. That, to the maximum extent allowed by law, this Court award Plaintiff pre-judgment and post-judgment interest on all damages awarded.
6. That this Court award Plaintiff reasonable attorney's fees and other costs of this action.

7. That this Court award Plaintiff such other relief as may be just and equitable.
8. Plaintiff requests a jury trial on all issues so triable.

Respectfully submitted,
SORIE S. TARAWALLY, PLAINTIFF

By: /s/Louise Harrell
Louise Harrell, MSB # 8466
Plaintiff's Attorney
P.O. Box 2977
Jackson, MS 39207
Phone: (601) 353-0065
Fax: (601) 608-7999
louiseharrell12@bellsouth.net

This the 6th day of May 2019.