UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SORIE S. TARAWALLY                                                                                PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:19-CV-320-DPJ-FKB

HINDS COUNTY, MISSISSIPPI; PEGGY HOBSON
CALHOUN, DARREL MCQUIRTER, MIKE MORGAN, AND
BOBBY MCGOWAN, IN THEIR OFFICIAL CAPACITIES
AS MEMBERS OF THE HINDS COUNTY BOARD OF SUPERVISORS;
JUDGE MELVIN V. PRIESTER, SR.,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; AND
JUDGE JOHNNIE MCDANIELS, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES[1]                                                                DEFENDANTS

ORDER

This employment dispute is before the Court on Defendants' two motions for judgment on the pleadings [5, 7] and Plaintiff's motion to amend the complaint [11]. For the reasons explained below, all motions are granted in part. Plaintiff will be allowed to amend, but only to the extent stated in this Order.

I.    Facts and Procedural History

Plaintiff Sorie S. Tarawally, who is originally from the Republic of Sierra Leone, worked as a Hinds County Youth Court Staff Attorney and Youth Court Judge Designee until January 2019. Compl. [1] at 2. He says that he and other similarly situated employees did not support Defendant Johnnie McDaniels's candidacy to become a Hinds County, Mississippi, County Court Judge, and when McDaniels won, they lost their jobs.

Aggrieved, Tarawally filed this suit advancing the following claims: (1) Defendants terminated his employment "without cause, without appropriate due process, in violation of his

---

[1] Robert Graham is listed in the caption of Plaintiff's Complaint but is otherwise not named in the Complaint.

equal protection rights, and in retaliation for Plaintiff's past participation as a citizen in matters of public concern"; (2) Defendants breached his employment contract and the covenant of good faith and fair dealing; (3) Defendants discriminated against Plaintiff based on his national origin in violation of 42 U.S.C. § 1981; (4) Defendants violated the First and Fourteenth Amendments; and (5) Defendants' actions "were part of a policy and pattern and practice of violating the First and Fourteenth Amendment rights of persons, especially persons similarly situated as Plaintiff." *Id.* at 4–5. Tarawally asserts his federal constitutional claims under 42 U.S.C. § 1983.

The case is now in a tricky procedural posture. Defendants filed two motions for judgment on the pleadings—one addressing the state-law claims [5] and one addressing the federal claims [7]. Tarawally responded by moving to amend his complaint [11] and attached a Proposed Amended Complaint. He also filed separate responses to Defendants' motions [12, 14]. Collectively, Tarawally's submissions conceded the national-origin discrimination and state-law tort claims, attempted to factually bolster his § 1983 claims through the amended pleading, and otherwise opposed Defendants' motions.

When Tarawally moved for leave to amend, Defendants responded [18], arguing that the Proposed Amended Complaint is futile. Defendants' futility arguments were similar to the ones they asserted when seeking judgment on the pleadings, but because Tarawally tweaked his claims in the Proposed Amended Complaint, Defendants adjusted their arguments in turn. Tarawally then declined to reply, leaving no response to the new arguments.

Simply stated, it is difficult to match the arguments regarding the Original Complaint with those Defendants offered for rejecting Tarawally's motion for leave to amend. But because Plaintiff's Proposed Amended Complaint concedes certain claims while adding facts to support

2

others, it seems appropriate to focus on Defendants' arguments regarding the Proposed Amended Complaint while considering the parties' initial briefs to the extent they are still helpful.

II.     Standard

Rule 15(a)(2) governs amendments other than those available "as a matter of course." The rule provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and explains that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see id.* R. 15(a)(1) (covering amendments "as a matter of course").

It is well established that "the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 624 (S.D. Tex. 2010) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *United States ex rel Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)).

Furthermore, the Fifth Circuit has held that "refusal to grant leave to amend without a justification such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' is considered an abuse of discretion." *United States ex rel Adrian*, 363 F.3d at 403 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Indeed, a motion to amend can be denied only if the court has a "substantial reason" supporting denial. *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted).

One such reason exists when the amended pleading would be futile. *See McLane Co., Inc. v. ASG Techs. Grp., Inc.*, NO. 6:17-CV-166, 2018 WL 7291380, at *2 (W.D. Tex. Oct. 17,

2018) (citing *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991)).

And it is on that basis that Defendants oppose Tarawally's motion to amend. *See* Defs.' Resp. [18]. The standard for futility is based on Rule 12(b)(6). Under that standard, "all well-pleaded facts are viewed in the light most favorable to the plaintiff," but a plaintiff "must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). This requires enough facts to demonstrate "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility is "context-specific," and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing Fed. Rule Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 556)). Significantly, the standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

III. Analysis

Despite these deferential standards, Defendants are correct that many of the deficiencies in Tarawally's Original Complaint were carried forward in the Proposed Amended Complaint. The remainder of this Order will address Defendants' arguments as to the claims Tarawally asserts in his Proposed Amended Complaint.

    A. Official-Capacity Claims

Defendants argue that Tarawally's official-capacity claims against the members of the Hinds County Board of Supervisors and against Judges Priester and McDaniels should be dismissed because they are duplicative of the claims against Hinds County. Tarawally agreed, but still includes these Defendants in his Proposed Amended Complaint. Proposed Am. Compl. [11-1] at 2–3 (listing Calhoun, McQuirter, Morgan, McCowan, Judge Priester, and Judge

McDaniels in their official capacities); *see* Pl.'s Federal-Claim Resp. [15] at 15 ("Plaintiff does not object [to] dismissing these named Defendants in their official capacities and going forth with Hinds County as the named Defendant for any claims against Hinds County."). The Court finds that Tarawally conceded the official-capacity claims, so including them in the Proposed Amended Complaint would be futile; they may not be included when that pleading is filed.

B.  Good Faith and Fair Dealing

A similar thing happened regarding Tarawally's claim for breach of the covenant of good faith and fair dealing. Defendants originally moved for judgment because the claim is barred by the Mississippi Tort Claims Act (MTCA). *See Jones v. Miss. Institutions of Higher Learning*, 264 So. 3d 9, 24 (Miss. Ct. App. 2018) (finding the MTCA applies to a former employee's claim alleging a breach of the implied covenant of good faith and fair dealing); *Young v. N. Miss. Med. Ctr.*, 783 So. 2d 661, 663 (Miss. 2001) ("An implied covenant of good faith and fair dealing is usually asserted to constitute the basis of a tort claim for wrongful discharge.").

In response, Tarawally denied advancing any tort claims, insisting that his only state-law claim is "for breach of contract." Pl.'s State-Law-Claims Resp. [13] at 7; *see id.* at 2 ("Plaintiff's state law claims are not rooted in tort."); *id.* at 5 ("**1. This is not an Action in Tort, Plaintiff's Claims are for Breach of Contract.**") (emphasis in original); *id.* at 7 (stating "this is a pure breach of contract action, not a tort action").

Despite the concession, Tarawally again included the claim in his Proposed Amended Complaint. Proposed Am. Compl. [11-1] at 5 ("In wrongfully terminating Plaintiff's employment, Defendants engaged in breach of contract and also breached the covenant of good faith and fair dealing contained in all contracts."). The Court finds Tarawally conceded this

5

claim, or alternatively, it is barred by the MTCA. The claim is futile and may not be included when the amended pleading is filed.

C. Termination-Related Claims Regarding Judge Priester

Defendants say the Proposed Amended Complaint fails to assert sufficient facts to state plausible § 1983 and breach-of-contract claims against Judge Priester. Starting with the § 1983 claims, Defendants correctly argue that individual liability "may not be predicated on the doctrine of respondeat superior"; rather, "[o]nly the direct acts or omissions of government officials . . . will give rise to individual liability under Section 1983." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *see* Defs.' Resp. [18] at 5. Similarly, a breach-of-contract claim would require an employment contract between the parties that the defendant breached by terminating the plaintiff's employment. *See* Defs.' Resp. [18] at 6.

Here, the Proposed Amended Complaint avers that Judge McDaniels—not Judge Priester—terminated Tarawally's employment. Proposed Am. Compl. [11-1] at 4. Indeed, the amended pleading never avers that Judge Priester did anything; the only specific reference to him states that he "participates in and has administrative responsibilities with respect to the management, personnel decisions, and day to day operations of the Hinds County Henley-Young Center." *Id.* at 3.

Defendants say that is not enough to state a claim under § 1983 or for breach of contract, and Tarawally filed no reply to these arguments. Absent some response from Tarawally, it appears that he pleaded his best case against Judge Priester in the Proposed Amended Complaint. Yet as drafted, that pleading would be futile against Judge Priester regarding the termination

decision. The individual-capacity claims against Judge Priester related to the termination of Tarawally's employment are dismissed; leave to amend is denied.[2]

D.      Judicial Immunity Regarding Youth Court Judge Designee Appointments

The termination-related claims are not the only ones Tarawally asserted as to Judge Priester. Tarawally apparently served at times as a substitute Youth Court Judge, which is allowed under Mississippi Code § 43-21-113. But he claims that those appointments came to an end when Judge McDaniel was elected. It is not entirely clear where this fact fits within Tarawally's various legal theories, but Defendants address it in two ways.

First, to the extent Tarawally says that these decisions deprived him of due process, he has not shown a property interest. *See LeBeouf v. Manning*, 575 F. App'x 374, 376 (5th Cir. 2014) (observing that due-process claim requires a property interest). Here, section 43-21-113 of the Mississippi Code states that "[w]hen a judge shall certify in writing that he is unable to serve because of illness or absence from the county or district, the judge *may* appoint as provided in Section 43-21-123 a special judge to serve in his stead." (Emphasis added). Tarawally never seems to say that he has a statutory or contractual property interest in these appointments, so any such claims are dismissed and will not be allowed in the Proposed Amended Complaint.

Second, Defendants say absolute judicial immunity bars claims related to the Youth Court Designee appointments. They could be right. "A judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). But there are limits; judicial immunity covers

---

[2] Even considering Tarawally's responses to Defendants' original motions, there are no stated facts suggesting that Judge Priester is a viable defendant. There, Tarawally repeatedly stated that Judge McDaniels terminated his employment and exceeded his authority in doing so. *See* Pl.'s Resp. [15] at 3, 9, 14.

"judicial functions," not "nonjudicial actions." *Id.* "In determining whether a particular act performed by a judge is entitled to absolute immunity, a court must draw a 'distinction between judicial acts and the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Id.* (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988)).

Relying on *Davis*, Defendants say that appointing Youth Court Judge Designees is a judicial function. 565 F.3d 214. *Davis* is similar, but not a perfect fit. *Id.* There, the Fifth Circuit held that

> the act of selecting applicants for inclusion on a rotating list of attorneys eligible for court appointments is inextricably linked to and cannot be separated from the act of appointing counsel in a particular case, which is clearly a judicial act, and therefore that the judges' acts at issue in this suit must be considered to be protected by judicial immunity.

*Id.* at 226.

Unlike *Davis*, the disputed appointment in this case is not linked to a judge's traditional duty to appoint counsel in specific cases. Moreover, *Davis* notes that courts must apply a four-part test to "determin[e] whether a judge's actions were judicial in nature." *Id.* at 222. But the present motions must be decided based on the pleadings, which are not sufficient to conduct that test. At this point, the Court holds that judicial immunity does not preclude the appointment-related claims; Defendants may revisit the issue later.

E. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment states: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Equal-protection claims generally come in two forms, those dealing with protected classes and those addressing a "class of one." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564–

8

65 (2000). To establish the first, "a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999), *decision clarified on reh'g*, 186 F.3d 633 (5th Cir. 1999). For a class-of-one claim, the plaintiff must show "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook*, 528 U.S. at 564.

Here, Tarawally's response to Defendants' motion for judgment on the federal claims seemed to invoke the class-of-one theory, arguing that his termination was not "rationally related to any governmental interest." Pl.'s Federal-Claims Resp. [15] at 13. And though he mentioned that he is part of the group of individuals who suffered retribution for failing to support Judge McDaniels, he never argues that the group would constitute a protected class for equal-protection purposes. *Id.* at 14.

Defendants argue that Tarawally must be asserting a class-of-one equal-protection claim. *See* Defs.' Resp. [18] at 9. That assumption seems reasonable given the absence of a protected class, and Tarawally never responds to the contrary. Nor does he address Defendants' argument that a public employee may not assert a class-of-one equal-protection claim. *See id.* That unrebutted argument also appears to be correct. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 594 (2008) ("We hold that such a 'class-of-one' theory of equal protection has no place in the public employment context."). Accordingly, any equal-protection claims are dismissed; leave to include those claims in a Proposed Amended Complaint is denied.

IV.     Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the outcome. Defendants' motions for judgment [5, 7] are granted in part, as is

9

Plaintiff's motion to amend [11]. Plaintiff is directed to separately file a first amended complaint within 10 days that excludes the claims this Order precludes.

**SO ORDERED AND ADJUDGED** this the 27th day of November, 2019.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE